```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHELE MANCINI, an individual,

    Plaintiff,

v.                                         Case No: 2:14-cv-256-FtM-29CM

CORPORATE TRANSIT OF AMERICA, INC., an Arkansas corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #11) filed on July 28, 2014. Plaintiff filed a Response (Doc. #12) on July 31, 2014. For the reasons set forth below, the motion is denied.

**I.**

Corporate Transit of America, Inc. (defendant) provides customers "with superior and affordable transportation services." (Doc. #1, ¶ 7.) Plaintiff Michele Mancini (plaintiff) was hired by defendant in or about 2007, and on September 1, 2009, plaintiff entered into an "Owner/Operator Agreement" with Subcontracting Concepts, LLC. Defendant contracted with Subcontracting Concepts to exclusively utilize plaintiff's services as a courier. (Id. ¶ 6.) While making a delivery for defendant on May 10, 2010, plaintiff was involved in a motor vehicle accident which rendered

her totally and permanently disabled. (Id. ¶¶ 44-45.) Although defendant classified her as an independent contractor, plaintiff maintains she was actually an employee; therefore, defendant was required by Florida law to maintain workers' compensation insurance coverage for her. Plaintiff presents a single count alleging the tort of failure to maintain workers' compensation insurance.

Defendant asserts that the Complaint should be dismissed because plaintiff's claim falls squarely within the exclusive jurisdiction of the Florida Judges of Compensation Claims, resulting in a claim for which neither a state court nor a federal district court has jurisdiction. Defendant also asserts that the failure to maintain workers' compensation insurance is not a cognizable claim under Florida law.

**II.**

In Mancini v. Subcontracting Concepts, LLC, 2:13-cv-218-29-CM (M.D. Fla filed Mar. 18, 2013), Subcontracting Concepts moved for dismissal of plaintiff's claim for failure to maintain workers' compensation insurance on grounds similar to those raised in the instant matter. In denying Subcontracting Concepts' motion, the Court held as follows:

> The Florida workers' compensation system provides the exclusive remedy for an employee injured in the course and scope of employment. See Fla. Stat. § 440.11; Pensacola Christian Coll. v. Bruhn, 80 So. 3d 1046, 1049 (Fla. 1st DCA 2011). Historically, the state Judges of

    Compensation Claims "have exclusive subject matter jurisdiction over disputed workers' compensation claim matters." Sanders v. City of Orlando, 997 So. 2d 1089, 1093 (Fla. 2008). There are, however, two exceptions: (1) when the employer fails to secure workers' compensation coverage; or (2) when the employer commits an intentional tort. See Fla. Stat. § 440.11(1)(a)-(b); Bruhn, 80 So. 3d at 1049.

    Here, it is clear that one of the primary issues is whether plaintiff was an employee, and thus entitled to workers' compensation insurance coverage, or an independent contractor who was not entitled to such insurance coverage. The Eleventh Circuit has held that under Florida law this is a question of law for a court to determine. Judy v. Tri-State Motor Transit Co., 844 F.2d 1496, 1503 (11th Cir. 1988). This case does not seek damages under the Florida workers' compensation statutory scheme, but seeks damages for failure to obtain such coverage for plaintiff as an employee. Such a claim is cognizable under Florida law.

Mancini v. Subcontracting Concepts, LLC, 2:13-cv-218-29-CM, Doc. #24, pp. 3-4. The same holding applies equally to this matter.

    Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #11) is **DENIED.**

    **DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2014.

_/s/ John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record